PER CURIAM.
This is a disciplinary proceeding against a member of The Florida Bar, Monrad Thue. Mr. Thue did not request review by this Court.
A complaint was filed against him by The Florida Bar on September 28, 1970 alleging:
“The Respondent, Monrad R. Thue, was employed by Gerald J. Farley on or about March 16, 1969, to represent him in the filing of an action for divorce. Suit was filed in the Circuit Court in and for the Eleventh Judicial Circuit. * * * The matter was heard by the Honorable J. Fritz Gordon on October 8, 1969. In conformity with the Court procedures, a court reporter from Grace H. Klein, Court Reporting Service, Inc., was present and the charge for the appearance was Twenty Dollars ($20.00). A Final Decree was prepared and presented to the Court for signature. It appears in the file that the Court declined to enter a Final Judgment for Divorce because the court reporter had not been paid. The Respondent advised the Complainant that the' court reporter’s fee was Forty Dollars ($40.00) and the fee had to be paid before the divorce would be final, whereupon, the Complainant forwarded to the Respondent a check for Forty Dollars ($40.00). That the Respondent extracted from the Complainant Twenty Dollars ($20.00) in excess of the true amount of the court reporter’s bill under false pretenses. Further, Respondent failed to pay the court reporter any of the money given him for that purpose by Complainant.”
The matter was referred to a referee and a hearing date was set. The only testimony presented at the hearing was that of Thue. He orally responded to the Complaint, denying that “he extracted from the complainant $20.00 in excess of the Court Reporter’s bill under false pretenses.” He testified that he had charged the Complainant $150.00 for the divorce, including costs; that the Complainant was paying in installments; and that the $40.00 in question was the balance due him. He stated that he attempted to pay the $20.00 Court Reporter’s fee, however Grace H. Klein refused to accept it until he paid other outstanding bills. The Court Reporter also refused to file the transcript, according to Thue, and the Court refused to enter a Final Judgment without it.
Thue testified that he had medical, marital and financial problems at the time he was representing the Complainant, and that he had “no way to truly justify not handling the matter on a more realistic basis.”
The Referee concluded that:
“Due to the nature of the problems suffered by the Respondent, it is a recommendation of the undersigned that the Respondent should be found guilty of misconduct justifying disciplinary measures, which misconduct was caused by physical and mental illness caused by financial and marital difficulties.”
And he recommended:
“(T)hat a minimum suspension be imposed as the disciplinary measure to be *321 applied, with a provision that the said suspension he continued until such time as the Respondent demonstrates to the Florida Bar through appropriate reinstatement procedures that he is mentally and physically capable of practicing law.”
The Referee also recommended that the Respondent pay costs in the amount of $148.50.
The Referee’s recommendations are hereby approved. Accordingly, it is the judgment of the Court that the Respondent Monrad R. Thue be suspended from the practice of law for a period of thirty (30) days and thereafter until he demonstrates satisfactorily to The Florida Bar through appropriate reinstatement procedures that he is mentally and physically capable of practicing law.
It is further ordered that' he pay the costs in the amount of $148.50.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.